UNITED STATES of America,
Plaintiff-Appellant,

v.

John A. LEININGER, Jr., Defendant-
Appellee.

UNITED STATES of America,
Plaintiff-Appellant,

v.

David L. SWARTZENTRUBER,
Defendant-Appellee.

Nos. 73–1961, 73–1962.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1974.

Decided March 21, 1974.

Robert Steinberg, Cincinnati, Ohio, for plaintiff-appellant; William W. Milligan, U. S. Atty., Grayce M. Ruehlman, Asst. U. S. Atty., Cincinnati, Ohio, on brief.

George T. Gareff, Columbus, Ohio, for defendants-appellees.

Before PECK, MILLER and LIVELY, Circuit Judges.

ORDER.

These two cases were argued and heard together since they involve essentially the same basic issue, i. e., the power of a United States District Court to dismiss a criminal indictment on its own motion.

In the *Leininger* case, the defendant was charged in a 3-count indictment with wilfully violating certain sections of the Internal Revenue Code, because of his failure to pay federal income taxes. The defendant, after arraignment proceedings on March 2, 1973, indicated to the court that his plan was to stand mute. The United States Attorney then moved orally that the defendant be committed to Springfield for examination

pursuant to 18 U.S.C. Sec. 4244, to determine whether the defendant was mentally competent to stand trial or assist in his own defense. This motion was granted by the court from the bench. Thereafter, the court on its own motion entered a formal order on July 11, 1973, finding that (1) the charges made against this defendant in this indictment are unworthy of prosecution; (2) because of his psychotic condition the defendant should not be brought to trial; and (3) the interests of justice will best be served by dismissal of the charges. In accordance with these findings the indictment was dismissed.

We have examined the arraignment proceedings as reproduced in the government's brief, which indicate that the court was probably justified in granting the government's motion for commitment of the defendant to Springfield for mental evaluation. However, we find nothing in the record which would authorize the court to make the findings and adjudications on its own motion contained in its order of July 11, 1973. The right of a court to dismiss a criminal indictment on its own motion is limited to extreme circumstances which do not exist in the present case. Ordinarily, the decision to prosecute an indictment is one which rests with the prosecuting arm of government.

In the *Swartzentruber* case, the defendant was charged in an indictment with violating Title 50, Appendix, Sec. 462, U.S.C., in failing to comply with an order of his local draft board directing him to report to a hospital for civilian work in lieu of induction into the armed forces. At his arraignment on May 18, 1973, the defendant entered a plea of guilty which was subsequently withdrawn by the district court with directions that a plea of not guilty be entered. The defendant was released on his own recognizance with the court indicating that the case would be set for trial at a later date. However, on July 11, 1973, before trial under the indictment, the court, sua sponte, entered a formal order finding that (1) the charges made against this defendant are unworthy of prosecution; (2) because of his obviously deep religious beliefs this defendant should not be brought to trial; and (3) the interests of justice will best be served by dismissal of the charges. Except for the few statements made by the defendant at his arraignment, there is no support in the record for the court's finding that the defendant entertained deep religious beliefs; nor is there any support for the court's finding that the charge in the indictment is unworthy of prosecution, or that the interests of justice would best be served by dismissal of the charges. Under these circumstances, we think that the court was without authority to dismiss the indictment.

It is therefore ordered and adjudged that the district court's orders dismissing the indictments in both the *Leininger* case (No. 73–1961) and the *Swartzentruber* case (No. 73–1962) be and the same are hereby vacated and both actions are remanded to the district court for further proceedings pursuant to the respective indictments.[1]

---

1. Our disposition of these cases is limited to their own facts, as we are not required to reach the question whether a district court may not in some circumstances dismiss an indictment on its own motion.