John Edwin WAITE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 78–5493.

United States Court of Appeals, Sixth Circuit.

Argued June 20, 1979.

Decided July 18, 1979.

---

Eli Namanworth, Cincinnati, Ohio (Court-appointed), for petitioner-appellant.

James C. Cissell, U. S. Atty., Christopher K. Barnes, Asst. U. S. Atty., Cincinnati, Ohio, for respondent-appellee.

Before EDWARDS, Chief Judge, and ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

Waite appeals the District Court's denial of his motion under 28 U.S.C. § 2255 (1976) to vacate his two, consecutive sentences imposed after he pleaded guilty to two counts of armed bank robbery. We affirm.

Waite faced both state and federal charges arising from the two bank robberies. In the state proceeding, Waite entered a plea bargain whereby he was promised a lenient sentence to be served in federal, not state, prison if he pleaded guilty in state court and promised to plead guilty in federal court. The state trial judge was fully aware of the elements of the bargain, and the state sentence conformed to the bargain. Waite's state sentence was to run concurrently with whatever federal sentence was imposed, and his state time was to be served in federal prison. At the time of sentencing the judge said:

> The sentence you will receive is conditioned upon your entering a plea to the Federal charges, in Federal court.

Waite now claims that his guilty plea in federal court was coerced by the state judge's implied threat that a harsher state sentence would result if Waite did not enter the federal guilty plea. We do not accept Waite's argument. He entered both pleas with the assistance of counsel and after appropriate inquiry and admonition by both the state and federal judges. Although it is possible that Waite may have believed that a harsher state sentence would be imposed if he chose to plead "not guilty" in federal court, we do not consider this to be unconstitutional coercion. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (Prosecutor's confronting defendant with "the unpleasant alternatives" of pleading guilty or facing trial on the maximum charges held not violative of the fourteenth amendment's due process clause.)

Waite also claims that the government did not keep promises made in the course of federal plea bargaining. He asks us either to vacate his sentence or, at least, to order an evidentiary hearing on the issue. The record, established by affidavits from Waite, FBI agents and Waite's former counsel, reveals that the government made no promises to ask for a light sentence as Waite alleges in his § 2255 petition. At most, the record suggests that FBI agents speculated as to what Waite's "probable" sentence would be. In view of the absence of any evidence of broken government promises and in view of Waite's own statements at the time he entered the plea that he was under no promises or threats, we see no reason to grant an evidentiary hearing and no merit to his substantive claim.

Accordingly, the judgment of the District Court is AFFIRMED.