UNITED STATES of America,
Plaintiff-Appellee,

v.

Juan SALINAS, Defendant-Appellant.

No. 81–2083.

United States Court of Appeals,
Fifth Circuit.

March 21, 1983.

---

Stephen C. Tarry, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Houston, Tex., John Patrick Smith, Asst. U.S.

Atty., Brownsville, Tex., W.W. Torrey, Asst. U.S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion November 22, 1982, 5 Cir., 1982, 693 F.2d 348)

Before RUBIN and JOHNSON, Circuit Judges, and DAVIS *, District Judge.

PER CURIAM:

In its petition for panel rehearing, the Government for the first time responds in the negative to the question whether the reasons for dismissal of the first indictment were as given in the record.[1] The Government now asks this Court to consider an affidavit by the trial attorney which allegedly evidences the Government's good faith motives in asking for dismissal of the first indictment and therefore its compliance with Rule 48(a) of the Fed.R.Crim.P. The affidavit which the Government belatedly offers for the first time in its petition for panel rehearing is untimely; it is not properly a part of the record on appeal. *See* Fed.R.App.P. 10(a). For this reason alone the Court must deny the Government's petition.

Even assuming the affidavit were properly a part of the record in this case, the Court notes that the affidavit is diametrically inconsistent with the record. In its opinion, this Court relied upon the following statement made by the trial attorney to the magistrate at the arraignment on the second indictment:

We were fixing to go to trial, and we did not go to trial because there were some people on the jury that knew him, and we were fixing to have a hearing and the judge was going to excuse them, but in

---

\* District Judge of the Western District of Louisiana, sitting by designation.

1. The Government's attorney was specifically asked this question during oral argument and responded affirmatively: "I would assume so,

your honor, ... I would certainly assume that it was the case." *United States v. Salinas,* 693 F.2d 348, 352 (5th Cir.1982). Nor did the Government attempt to argue otherwise in its brief to this Court.

the meantime I filed a motion to dismiss the indictment, and we superseded, because I wasn't about to go to trial under the circumstances. That's what happened.

*Salinas,* 693 F.2d at 350 & 352. The affidavit the Government would now have this Court consider offers a totally different version of what occurred. According to the trial attorney's affidavit, he asked the district court judge to dismiss the allegedly biased juror[2] and replace her with one of two available alternates, but the judge refused to do so.

■ Even assuming the truth of the facts as given in the affidavit and ignoring the inconsistency with the record evidence, this Court would still reach the same conclusion under Rule 48(a), albeit for a different reason. The basis of this Court's conclusion would not be the improper motives of the Government in moving for dismissal of the first indictment, but rather abuse of discretion by the district court in granting the dismissal motion. *See United States v. Hamm,* 659 F.2d 624 (5th Cir.1981) (*en banc*); *In re Washington,* 544 F.2d 203 (5th Cir.1976) (*en banc*), *rev'd sub nom. Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *United States v. Cowan,* 524 F.2d 504 (5th Cir.1975), *cert. denied sub nom. Woodruff v. United States,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976).

For the foregoing reasons, the Government's petition for panel rehearing is

DENIED.

---

**2.** The "some people" on the jury that knew Salinas have been reduced to one woman (a wife of a man who allegedly had been seen talking to Salinas during jury selection and who had been mentioned as the source of the heroin) in the affidavit.