**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Charles Byron WELBORN, James L. Cockrell, Samuel Carr Hester, and Corwin Guy Mendenhall, Defendants-Appellees.**

**No. 87–1403.**

United States Court of Appeals,
Fifth Circuit.

July 22, 1988.

**19.** 336 So.2d 782, 789 (La.1976).

**20.** La.Civ.Code arts. 2664, 2665.

Sidney Powell, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellant.

Rice M. Tilley, Jr., Ft. Worth, Tex., Court appointed, for Hester.

Frank D. McCown, Ft. Worth, Tex., for Welborn.

Michael B. Paddock, Ft. Worth, Tex., Court appointed, for Cockrell.

John A. Spinuzzi, Denton, Tex., for Mendenhall.

Before CLARK, Chief Judge, GOLDBERG and GARWOOD, Circuit Judges.

PER CURIAM:

The government filed this appeal after the district court dismissed with prejudice the second indictment against Charles Welborn, James Cockrell, Samuel Hester and Corwin Mendenhall. We vacate and remand.

## I. Facts

A grand jury returned a three count indictment against five defendants, Welborn, Hester, Cockrell, Mendenhall and Charles Smith. The first count charged each of the defendants with conspiring to violate certain banking laws and the last two counts charged Welborn with substantive violations. Three days before trial, the government moved to dismiss the indictment without prejudice. The motion claimed that dismissal would "serve the ends of justice." At a hearing held the day of the filing, the district court asked the government to elaborate. The prosecution declined, explaining that it would pursue reindictment and would prefer "to simply rely on the allegation ... in the written motion." The district court dismissed the indictment without prejudice and deferred all motions until any "future action is taken" (i.e. until the defendants are reindicted).

Seven months later a fifty-seven count indictment was returned against Welborn, Cockrell, Hester and Mendenhall. Smith was not named as a defendant in the second indictment. Like the prior indictment, the first count in the second indictment charged each defendant with conspiracy. The second indictment also contained fifty-six previously uncharged substantive counts. A motion filed by Welborn and adopted by the other defendants sought dismissal of the second indictment on the following grounds: (1) the district court abused its discretion by dismissing the first indictment over the defendants' objection without requiring the government to furnish more than a conclusory justification; (2) bad faith prompted the government to request dismissal of the first indictment; and (3) an unspecified violation of the Speedy Trial Act.

The government's response to the defendant's motion stated that it had moved to dismiss the first indictment based on the following four factors. First, the case might have been subject to an objection based on a district court decision, later reversed, which suppressed bank records which had been summarized but not actually presented to the grand jury. Second, the original prosecutor had been transferred and the newly assigned prosecutor became convinced during the course of trial preparation that the indictment did not adequately address the "gravaman" of the defendants' criminal conduct and that reindictment seemed most appropriate given the department of justice's policy against successive prosecutions. Third, additional time to evaluate the fraudulent scheme and charges was needed when two or three days before filing the motion to dismiss Charles Smith, an officer of the defrauded bank, decided to cooperate with the prosecution. Finally, one of the charges against Welborn involved a dispute over the valuation of an interest in a silver mine which the prosecution thought would necessitate presentation of complicated evidence that would detract from the crux of the charges.

On September 18, 1986, the district court held a hearing on the defendants' motions. At the conclusion of the hearing, the court ordered the government to produce by October 30, 1986 any evidence in its possession that might indicate the prosecutor's reasons for having requested dismissal. The case lay dormant until January 7, 1987 when Welborn renewed his motion to dismiss. On April 30, 1987, the district court ordered dismissal of the second indictment on two grounds. First, the prior indictment must be treated as having been dismissed with prejudice because the government originally supported its motion to dismiss with two insufficient conclusory state-

ments—that justice would be served by dismissal and reindictment would be sought. Second, the government's failure to respond to the September 18, 1986 order to produce evidence should be sanctioned by dismissing the second indictment with prejudice. The government appealed urging that the district court erred by not considering the four factors put forward in the response to the defendants' motion to dismiss the second indictment and that the district court abused its discretion by dismissing the second indictment with prejudice to sanction the prosecutor for disregarding the September 18, 1986 order.[1]

## II. Rule 48(a)

■ Federal Rule of Criminal Procedure 48(a) provides that a government "attorney may by leave of court file a dismissal of an indictment." The "leave of court" requirement of Rule 48(a) has been interpreted "to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir.1982), *reh'g denied*, 701 F.2d 41 (1983) (per curiam). The primary purpose of this requirement is "to prevent harassment of a defendant by charging, dismissing and recharging without placing a defendant in jeopardy." *United States v. Cox*, 342 F.2d 167, 171 (5th Cir.), *cert. denied sub nom. Cox v. Hauberg*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); *see also United States v. Hamm*, 659 F.2d 624, 628 (5th Cir.1981) (en banc). A prosecutor's request for dismissal is improper when it is made in bad faith. Bad faith arises when the prosecution is motivated "by considerations 'clearly contrary to the public interest'" and "the public interest is not served by harassing a defendant." *Salinas*, 693 F.2d at 351 & n. 5. When a court considers a

prosecutor's motion to dismiss it must begin with the presumption that the prosecutor acted in good faith. *Id.* This presumption is rooted in a proper respect for the constitutional division of power between the executive and judicial branches of government. *Hamm*, 659 F.2d at 628–29 & n. 13.

### A. Procedural Rules

■ Our research discloses little precedent to guide the application of the presumption of good faith when a prosecutor moves to dismiss an indictment without prejudice. By looking mainly to the rule and its underlying purposes we develop the following basic guides. If the motion is uncontested, the court should ordinarily presume that the prosecutor is acting in good faith and dismiss the indictment without prejudice.[2] A defendant may perceive some advantage to dismissal (e.g., additional time to prepare or the possibility that reindictment will not be pursued) and therefore deliberately choose not to object. Whether deliberate or not, unjustified failure to contest a motion to dismiss waives any right to later complain that the prosecution requested dismissal in bad faith.

■ Because Rule 48(a) requires an exercise of discretion, the court should not grant a contested motion to dismiss unless the prosecution furnishes more than a bare conclusion in support of its motion. "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest.'" *Salinas*, 693 F.2d at 352 (footnotes omitted). A bald statement that justice will be served by dismissal or that reindictment will be sought does not suffice. *Id.* at 352. Based on the

---

**1.** The prosecution also argues that even if dismissal of the first indictment is treated as "with prejudice," only prosecution of the second indictment's conspiracy count—if that—would be barred by the proscription against double jeopardy. We do not reach this issue. The district court, however, should have considered whether the second indictment charged separate offenses before dismissing it on this basis.

**2.** "[E]ven when the defendant consents to the motion to dismiss, the trial court, in extremely limited circumstances in extraordinary cases, may deny the motion when the prosecutor's actions clearly indicate a 'betrayal of the public interest.'" *United States v. Hamm*, 659 F.2d 624, 629 (5th Cir.1981) (en banc) (quoting *United States v. Cowan*, 524 F.2d 504, 514 (5th Cir. 1975)).

prosecutor's statement of reasons and any response by defendant, the court should determine whether the presumption of good faith is overcome by "an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *Hamm,* 659 F.2d at 631.

■■■ If, despite a defendant's objection, the trial court fails to require the prosecutor to submit sufficient reasons and dismisses the indictment without prejudice, the defendant retains the right upon reindictment to have the ruling reviewed.[3] In such a case, dismissal of the prior indictment should be recharacterized as with prejudice if, after considering any reasons newly furnished by the prosecution for having moved for dismissal, the defendant (1) overcomes the presumption of good faith *or* (2) has been prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons before dismissing the prior indictment. This rule serves both the public interest in not having an otherwise legitimate prosecution barred by minor procedural errors and the defendant's interest in not being subjected to prosecutorial harassment. The delay and expense that ordinarily accompanies the process of dismissal and reindictment is not relevant to the prejudice prong of this rule. Similarly, the death of a key defense witness during the period between dismissal and reindictment would not constitute prejudice. An example of the type of prejudice that could affect the defendant's ability to demonstrate the bad faith of the initial request to dismiss might be the death of the only prosecutor with knowledge of the government's motives for seeking dismissal.

### B.  Application

■■■ Only one defendant, Welborn, clearly contested dismissal of the first indictment. At the hearing on the government's motion to dismiss, none of the other de-

fendants joined in Welborn's objections to dismissal. Mendenhall's attorney who was not present at the hearing requested the prosecutor to advise the court that Mendenhall did not oppose the motion to dismiss. Smith's attorney declared that he did not oppose dismissal. The court and Cockrell's attorney engaged in the following equivocal dialogue:

THE COURT: Are you opposing the dismissal?

MR. GLADDEN: I'm not necessarily opposing it, but I'm not necessarily asking the Court to enter into it. . . . I don't know what the basis of the government's motion to dismiss without prejudice [is]. . . . I was advised there was a hearing today, and that we should attend, and we're here pursuant to the U.S. Attorney's Office surprising us yesterday afternoon that this motion was going to be presented and the Court had scheduled a hearing, but we're not here to waive any rights that this defendant has.

THE COURT: This is a new experience for me. In thirteen-and-a-half years I've never had anybody to oppose a motion to dismiss.

MR. GLADDEN: I don't know that I have any basis for opposing a motion to dismiss. I think maybe I'm squealing before I'm stuck. It's when they re-indict rather than at this juncture, Your Honor.

Hester's attorney adopted "more or less" the position of Cockrell. Given the previously obscure relationship between the waiver rule set out above and the effect of a defendant's failure to object to a motion to dismiss, the waiver rule should not be applied retroactively to the appellants here. On remand, the district court should treat their actions as though they objected to dismissal of the first indictment.

■■■ The defendants assert that the district court abused its discretion by dismissing the first indictment without prejudice because the prosecution had not fur-

---

**3.** A dismissal without prejudice is not a "final judgment" for purposes of 28 U.S.C. § 1291 and ordinarily does not fall within the collateral order exception. Appellate review of a dismis-

sal without prejudice must therefore await a final judgment entered after reindictment. *United States v. Day,* 806 F.2d 1240, 1242 & n. 8 (5th Cir.1986).

nished more than a conclusory statement in support of its motion. We disagree. Neither of the two cases relied on by the defendants hold that following reindictment the trial court should not consider the government's newly furnished reasons for having sought dismissal of the prior indictment. *See Salinas*, 701 F.2d at 42; *United States v. Derr*, 726 F.2d 617, 619 (10th Cir.1984). Only after the reasons offered were held to be insufficient do these cases, in dicta, declare dismissal of the prior indictments to be an abuse of discretion. *Salinas*, 701 F.2d at 42; *Derr*, 726 F.2d at 619. This dicta contravenes the two rules we adopt today. First, if a defendant, without justification, does not contest dismissal the presumption of good faith permits the court to dismiss without prejudice and the defendant waives his right to later object to the government's motives. Second, if a defendant contests dismissal and the district court errs by not requiring the prosecution to furnish more than a conclusory reason to support its motion, the dismissal must be treated as though it were with prejudice only where the prosecution fails to offer sufficient justification for seeking dismissal when it reindicts or the error prejudiced the defendant's ability to attack the prosecutor's motives.

The district court order dismissing the second indictment made no findings on the four factors allegedly prompting the government to move for dismissal of the first indictment or on the question of prejudice. The defendants Mendenhall, Hester and Cockrell have not, to this point, shown their ability to attack the prosecution's motives has been prejudiced. However, on remand they are free not only to challenge the government's motives but also to raise the question of prejudice. In passing on the sufficiency of the four factors allegedly permitting the government to dismiss the first indictment, we do not preclude the district court's consideration on remand of any unjustified failure of the government to thereafter respond to a proper request by the court for further specificity or supporting information. As to defendant Welborn, we vacate the district court's judgment and remand with directions to dismiss

because of his death. *Cf. United States v. Pauline*, 625 F.2d 684, 685 (5th Cir.1980) (conviction vacated and cause remanded with order to dismiss where defendant dies pending appeal).

## III. Supervisory Authority

The district court also improperly dismissed the second indictment as a sanction against the prosecutor for disregarding a discovery-type order to produce evidence. The supervisory authority of the district court includes the power to impose the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant. *See United States v. Fulmer*, 722 F.2d 1192, 1195 (5th Cir.1983); *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir.1979); *see also Bank of Nova Scotia v. United States*, 56 U.S.L.W. 4714, 4715–16 (U.S. June 22, 1988). A district court exceeds the proper bounds of its power to order dismissal of an indictment with prejudice when it fails to consider whether less extreme sanctions might maintain the integrity of the court without punishing the United States for a prosecutor's misconduct. *Cf. United States v. Sarcinelli*, 667 F.2d 5, 6–7 (5th Cir. Unit B 1982) (least severe sanction should be imposed under Federal Rule of Criminal Procedure 16 for noncompliance with discovery orders). In this case, the district court made no finding of actual or inherent prejudice. Nor did the district court consider imposing sanctions that do not cut off the public interest in having indictments prosecuted. The court should have considered, for example, requiring the prosecutor to show cause why he should not be held in contempt. The negligent, if not contumacious, conduct of this prosecutor can be neither condoned nor excused. On the showing made in this record, however, the district court abused its discretion by ordering dismissal with prejudice as a sanction. We vacate the sanction of dismissal of the second indictment with prejudice. This ruling is not intended to preclude the district court from considering the imposition of sanctions on

remand based upon the proof there developed, applied under the precedent outlined in this section of our opinion.

## IV. Speedy Trial Act

A violation of the Speedy Trial Act (the Act) occurs if trial does not commence within seventy days of indictment or arraignment, less excludable time. 18 U.S.C. § 3161(c) & (h). Relying on the "due date rule" articulated in *United States v. Thomas*, 788 F.2d 1250, 1259–60 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986), the defendants make the following argument that such a violation has occurred. On September 18, 1986, the district court set an October 30, 1986 deadline for the government to produce evidence relevant to the defendant's pretrial motion to dismiss. The government failed to respond. Applying the due date rule, the district court is deemed to have taken the motion under advisement on the date the prosecution's response was due. The period between September 18, 1986 and October 30, 1986, is excluded time under section 3161(h)(1)(F). And the period between October 30, 1986 and November 29, 1986 is excluded time under section 3161(h)(1)(J) which allows a court a maximum of thirty days to rule on a motion from the time it is taken under advisement. The time after the period allowed the court to rule is not excludable time. Since more than 70 days elapsed from the end of November 1986 until April 30, 1987, the date the court ruled on the defendants' motion, a Speedy Trial Act violation occurred which requires dismissal.

The defendants did not present this argument to the district court and did not raise it in their briefs. It was presented to this court for the first time at oral argument. The initial motion to dismiss filed by Welborn asserted that a Speedy Trial Act violation *had* occurred but that time did not permit full development of the issue. When this motion was filed, the events forming the basis of the violation raised at oral argument had not yet occurred. On January 14, 1987, Welborn renewed his motion to dismiss. Welborn reiterated the issues raised in the original motion and complained about the government's failure to respond to the court order. The renewed motion claimed that the Speedy Trial Act was being violated by the 214 day delay between dismissal of the first indictment and reindictment, and by the seventy-six day delay between the deadline to respond to the court order and the filing of the renewed motion to dismiss. (The defendants apparently had not developed the position urged at oral argument since the thirty day "under advisement" period would have to be subtracted from the asserted seventy-six day delay.) After the district court dismissed the indictment with prejudice, the government correctly argued in its brief to this court that the time between dismissal of the first indictment and reindictment is excludable time. *See* 18 U.S.C. § 3161(h)(6); *see also United States v. Perez*, 845 F.2d 100, 103–04 (5th Cir.1988). No Speedy Trial Act issues were briefed by any of the defendants.

We may consider an issue raised for the first time on appeal only if it involves a pure question of law and our failure to consider it would result in a miscarriage of justice. *United States v. Community Science Technology, Inc.*, 574 F.2d 1292, 1296 (5th Cir.1978). We also ordinarily decline to entertain issues raised at oral argument which a party has not argued in its briefs. *See In re Texas Mortgage Servs. Corp.*, 761 F.2d 1068, 1073–74 (5th Cir.1985); *see also* Fed.R.App.P. 28(a)(4). The defendants' argument based on *Thomas* raises an issue of first impression in this Circuit. The rule they extract from *Thomas*, however, is dicta because the court identified more than seventy days of includable time before reaching the time interval related to the due date rule. 788 F.2d at 1260. Accepting the dicta in *Thomas* would permit a defendant to remain silent after a deadline imposed on the prosecution had elapsed and permit a Speedy Trial Act violation to accrue without notice to the prosecution or the court. On the other hand, a rule requiring that a court be put on notice of the government's tardiness might present unforeseen problems for a defendant. We are unwilling to adopt or reject the due

date rule as the rule of this circuit without benefit of briefs. Since trial has not yet commenced, nothing in this opinion bars the defendants from raising this issue on remand.

## V. Conclusion

The district court erred in dismissing the indictment with prejudice based on a Rule 48(a) violation. Further proceedings are required to consider (1) the government's reasons for requesting dismissal of the first indictment and (2) the question of prejudice. By failing to consider less severe sanctions and whether the prosecutor's disregard for the order to produce evidence prejudiced the defendants, the district court abused its discretion by imposing the sanction of dismissal with prejudice. The defendants have not properly raised their Speedy Trial Act claim here, but are not precluded from raising it on remand. The judgment appealed from is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.