UNITED STATES, Plaintiff(s),

v.

D–1 Terron M. NIXON;  D–2 Maurice
M. Curry, Defendants.

No. 03–80793.

United States District Court,
E.D. Michigan,
Southern Division.

May 19, 2004.

Susan E. Gillooly, Sheldon N. Light, U.S. Attorneys Office, Detroit, MI, for Plaintiff.

Leroy T. Soles, Detroit, MI, for Def. Nixon.

Terry A. Price, Detroit, MI, for Def. Curry.

William W. Swor, Detroit, MI, for Def. Curry

## OPINION AND ORDER

FEIKENS, District Judge.

The government requests reconsideration of this Court's order of 23 April 2004, which held that Defendants Terron M. Nixon and Maurice M. Curry were ineffectively represented by counsel in the state court system when they declined a plea offer that had as an element a promise regarding potential prosecution in federal court. As part of the 23 April opinion, I ordered the government to produce documents related to Project Safe Neighborhoods for *in camera* examination by 7 June 2004.

The government moves for reconsideration of that order, putting forward three arguments. First, it disputes my jurisdiction to consider whether Defendants Nixon and Curry were inadequately represented. Second, it argues that I erred in finding ineffective assistance of counsel because I did not discuss the fact that defendants were offered the plea more than once over a two-month period. Third, it argues that because a motion to dismiss the indictment is pending in this case, and because I have no basis for denying this motion, my order of 23 April 2004 seeks to issue an advisory opinion. As discussed below, I find none of these arguments persuasive, and therefore DENY the government's motion for reconsideration.

## ANALYSIS

### A. Jurisdiction to Determine the Constitutional Question

█ The government disputes my jurisdiction to determine if defendants were ineffectively assisted by counsel during the state court plea agreements. However, in *Waite v. United States*, the Sixth Circuit reviewed, without disputing jurisdiction, a federal district's court determination on a motion to vacate sentence, which focused on arguments regarding Constitutional violations at the state court plea agreement stage. 601 F.2d 259 (1979). In *Waite*, the Sixth Circuit considered whether a plea that had both federal and state court components was unconstitutionally coerced and whether the federal government had kept its promises to the defendant. *Id.*

Similarly, here, one of the questions before me is whether the federal government

was so involved in the prosecution and plea stage in state court that I should find that the United States Attorney made promises to Defendants (and, therefore, that the plea agreement in state court can be enforced against the United States Attorney as a remedy for the violation of a Constitutional right).[1] Clearly, a federal district court has the power to determine whether the U.S. Attorney has made promises to a defendant before it, and whether such a defendant was adequately represented in his or her decision regarding that plea. Therefore, I find that I do have jurisdiction to decide the question of ineffective assistance of counsel.

## B. Ineffective Assistance of Counsel and Supporting Factual Findings

■ Second, the government argues that I have not sufficiently considered that defendants were repeatedly offered this plea over a two-month period, and chose to reject the plea offer, professing their innocence. I was well aware of these facts when I made my decision, and they provide no basis for changing my opinion. It is well-established in this Circuit that a defendant's protestations of innocence do not constitute grounds for assuming that he or she would not have accepted the plea if properly advised. *See Smith v. United States*, 348 F.3d 545 (6th Cir.2003); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir.2003) ("Although some circuits have held that a defendant must support his own assertion that he would have accepted the offer with additional objective evidence [beyond the disparity between the potential sentence and the plea offer], we in this

circuit have declined to adopt such a requirement"); and *Magana v. Hofbauer*, 263 F.3d 542, 552–3 (6th Cir.2001) (this holding applies "despite earlier protestations of innocence.")

Moreover, although Defendants may have been offered this plea several times in the short (two-month) period following the initial plea offer and before dismissal of the state charges, the testimony of Defendants' attorneys during the state court plea stage made it clear that neither Defendant was ever properly advised of his true sentencing exposure. As a result, Defendants were deprived of their ability to make an intelligent decision about whether to accept the plea offer each and every time it was offered. *See Smith*, 348 F.3d at 553–4. Therefore, a rehearing on this issue is not warranted.

## C. Motion to Dismiss the Indictment

■ Finally, the government argues that because it has made a motion for dismissal of the indictment, which it contends this Court is required to grant, this Court's order of 23 April 2004 was in effect an advisory opinion. I welcome this opportunity to address this point and make my reasons for the order to produce the materials regarding Project Safe Neighborhoods more clear.

Fed.R.Cr.P. 48(a) provides that the government may dismiss an indictment *with leave of court* (emphasis mine). The Supreme Court has explicitly declined to decide whether the rule permits the denial of a motion to dismiss an indictment if a defendant has consented to

1. In a recent unpublished opinion, the Sixth Circuit suggested that reinstating and enforcing a lapsed plea bargain is the only remedy for ineffective effective assistance of counsel at the plea stage. *United States v. Allen*, 53 Fed.Appx. 367, 373, 2002 WL 31890920 (6th Cir.(Ohio) 2002) ("if the court does not have the power to reinstate the plea agreement,

than there is *no* remedy")(emphasis mine). In *Turner v. Tennessee* (II), a published opinion, the Sixth Circuit upheld the remedy of having a new plea hearing during which a rebuttable presumption of prosecutorial vindictiveness attached to any plea offer made in excess of the original offer. 940 F.2d 1000 (1991).

the motion. *Rinaldi v. United States*, 434 U.S. 22, 30, n. 15, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). The Sixth Circuit has held that it is beyond the power of a district court to dismiss an indictment because that court believes the indictment is unworthy of prosecution. *United States v. Leininger*, 494 F.2d 340 (1974). Like the Supreme Court, however, the Sixth Circuit has explicitly declined to decide whether a district court may in some circumstances deny an uncontested motion to dismiss an indictment.[2]

As the government admits, other circuits have indicated that such dismissals are permitted. In *United States v. Ammidown*, the District of Columbia Circuit noted that the primary concern of Rule 48 is to protect a defendant "from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution." 497 F.2d 615, 620 (D.C.Cir.1973).[3] However, if a defendant does not object to such a motion, the District of Columbia Circuit held that a court should still be concerned with "whether the action sufficiently protects the public." *Id.* In order to make such a determination, the D.C. Circuit held that a court "is not content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of the reasons and the underlying factual basis." *Id.* A court should then use that statement to determine whether "the reasons advanced for the proposed dismissal are substantial" and not an abuse of prosecutorial discretion. *Id.*

In an opinion overruling a district court's decision to deny an uncontested motion to dismiss an indictment, the Fifth Circuit strongly implied that in some circumstances, it is permissible for a district court to deny an uncontested motion to dismiss an indictment. *United States v. Cowan*, 524 F.2d 504 (1975), *cert. denied*, *Woodruff v. U.S.*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976). In *Cowan*, the defendant, who was facing charges relating to the Watergate scandal, negotiated an agreement with the Watergate special prosecution force under which he agreed to plead guilty to a charge filed in the

**2.** The Ninth Circuit has also reserved the question of whether a judge may deny an uncontested motion to dismiss, but has noted that if such an action is permitted by Rule 48(a), the correct standard would be whether such a motion was "clearly contrary to manifest public interest." *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir.1995). The Ninth Circuit further noted that judges "must be careful to safeguard [defendants'] rights." *Id.*

The Third Circuit has also declined to reach the question directly. *In re Richards*, 213 F.3d 773 (2000). That decision, however, held that a judge exceeds the bounds of the Constitutional grant of judicial power if he or she denies an uncontested motion to dismiss an indictment on the basis of a lack of good faith or a finding that the dismissal is not in the public interest or interest of justice. *Id.* Despite this, the same opinion upheld, under Rule 48(a), a decision by a judge to hold a

hearing on the motion to dismiss in order to ensure that the court's processes were not being abused by the prosecutor. *Id.*

**3.** I note that in the present case, faced with the possibility that this Court would find (through examination of the materials ordered for production) that there was sufficient cooperation in the state court prosecution and plea bargain to bind the United States Attorney to the two-year plea agreement, the government moved to dismiss this indictment with the following language: "The reason for dismissal is that this matter is to be referred back to the Wayne County Prosecutor's Office, for prosecution in state court." (Mt. to Dismiss). At the hearing where the motion to dismiss was made, the government also repeated its argument that this Court would not have the power to order that the two-year plea offer be again extended to defendants in state court.

District of Columbia in exchange for the dismissal of an indictment in the federal court in Texas. *Id.* The court found that the federal judge in Texas had overreached his authority under Rule 48 in denying the motion dismiss the case, because it was "not clearly contrary to the public interest" to have these charges dismissed and because the government had offered more than "merely conclusory" support for the legitimacy of the decision to dismiss the indictment. *Id.* at 514. The Supreme Court later cited *Cowan* for the proposition that a court is permitted to "deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest." *Rinaldi v. United States*, 434 U.S. 22, 30 n. 15, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). The Fifth Circuit elaborated on its interpretation of a judge's power under Rule 48(a) in the case of *United States v. Welborn*, 849 F.2d 980 (1988). There, the Fifth Circuit held that "[a] prosecutor's request for dismissal is improper when it is made in bad faith. Bad faith arises when the prosecution is motivated 'by considerations "clearly contrary to the public interest" '[...]." *Id.* at 983.

The Fourth Circuit has also held that the disposition of a motion to dismiss an indictment "should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal," and that a "motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and [ ] must be granted." *United States v. Smith*, 55 F.3d 157, 159 (1995). As examples of bad faith, the Fourth Circuit listed acceptance of a bribe, personal dislike of the victim, or dissatisfaction with the jury empaneled. *Id.* In the present case, the government argues, no such circumstance exists. However, these examples were clearly not intended to constitute an exclusive list. The Fourth Circuit did not decide whether it would constitute bad faith if, for instance, a prosecutor moved to dismiss an indictment for the primary purpose of preventing the federal court from gaining information about its administration of a federal program.

The Seventh Circuit has interpreted Rule 48(a) more narrowly. In holding that a judge would exceed the Constitution's grant of judicial power if he or she denied an uncontested motion to dismiss an indictment because of a finding of "bad faith" or a dismissal "against the public interest," it remarked, "[a] judge could not properly refuse to enforce a statute because he thought the legislators were acting in bad faith or that the statute disserved the public interest; it is hard to see, therefore, how he could properly refuse to dismiss a prosecution merely because he was convinced that the prosecutor was acting in bad faith or contrary to the public interest." *In re United States*, 345 F.3d 450, 453 (2003).

I have not yet made a decision on the disposition of the motion to dismiss the indictment pending in this case. I have not even decided whether or not to hold a hearing in which the government would be required to state its reasons for seeking to dismiss the indictment. As the above discussion of the case law interpreting Rule 48(a) shows, there is no binding law preventing me from investigating whether the government's motion to dismiss the indictment was brought in bad faith and on that basis, ruling one way or another on the motion.

■ At this time, I have not yet decided if such an inquiry is necessary. If the materials I have ordered the United States Attorney to furnish to this Court about Project Safe Neighborhoods demonstrate that there was not the requisite amount of cooperation in the present case that would allow me to enforce the two-year plea

agreement against the government, then I will grant the government's motion to dismiss the indictment, because it will provide a remedy (though perhaps not the best remedy) for the ineffective assistance of counsel defendants received. The production of the documents in accord with my ruling, therefore, will assist me in deciding the motion currently before this Court in this case. Hence, my 23 April 2004 opinion and order was not advisory in nature.

Of course, this case may provide a useful precedent for other cases brought in the federal courts as part of Project Safe Neighborhoods. Therefore, I expect the information provided may be of use to my colleagues. In my 23 April 2004 opinion, I noted the possibility that others on this bench would likely face similar cases because I am concerned that the government may not be doing enough to prevent such situations from occurring. The government argues it is unlikely a similar situation will arise. However, given that defendant Nixon had two different attorneys at the state level, and defendant Curry had yet another attorney, none of whom communicated the magnitude of the potential sentences defendants faced in federal court, I suspect this case is not as unique as the government maintains.

## CONCLUSION

The motion for reconsideration is DE-NIED. The order to produce documents regarding Project Safe Neighborhoods for *in camera* review on or before 7 June 2004 stands.

**IT IS SO ORDERED.**