UNITED STATES of America,
Appellee,

v.

Raul ORTEGA–ALVAREZ et al.,
Appellants.

Nos. 139, 142–144, 164, 165, 188, Dockets
74–1388, 74–1647, 74–1523, 74–1588,
74–1844, 74–1849 and 74–1964.

United States Court of Appeals,
Second Circuit.

Argued Oct. 3, 1974.

Decided Nov. 8, 1974.

Certiorari Denied April 14, 1975.
See 95 S.Ct. 1559, 1560, 1561.

**456**

Shirah Neiman, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty. S.D.N.Y., on the brief; Daniel J. Beller, Alan R. Kaufman, John D. Gordan, III, Asst. U. S. Attys., of counsel), for appellee.

Max B. Kogen, Miami, Fla., for appellant Ortega-Alvarez.

Arnold E. Wallach, New York City (Hermena Perlmutter, New York City, on the brief), for appellant Busigo-Cifre.

Joseph I. Stone, New York City (Supplementary brief submitted by appellant Figueroa), for appellant Figueroa.

Gino P. Negretti, Miami, Fla., for appellant Alvarez.

Hudson H. Reid, New York City, for appellant Calana.

Howard L. Jacobs, New York City, for appellants Infiesta and Del Cristo.

Before HAYS, ANDERSON and MANSFIELD, Circuit Judges.

PER CURIAM:

Ortega-Alvarez, Calana, Infiesta, Cifre, Del Cristo, Alvarez, and Figueroa appeal from judgments of conviction for conspiracy to violate 21 U.S.C. §§ 173–174 [1] and for substantive violations of those sections entered in the United States District Court for the Southern District of New York after a jury trial. We affirm.

---

1. Sections 173 and 174 were repealed, effective May 1, 1971, by § 1101(a)(2) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1291, but under § 1103 of the Act, they continue to control violations which occurred prior to the effective date.

This is another in a long line of cases involving major conspiracies to distribute narcotics. By March 1970 appellant Ortega-Alvarez had received 45 kilograms of heroin from a 60 kilogram shipment which had been smuggled into the United States from South America. With the help of Calana and others, he prepared the heroin for distribution and then sold it to a long list of customers. Each of the other five appellants was charged with buying at least one kilogram of heroin from the 45 kilogram supply. Apparently basing its conclusions largely on the testimony of Rodriguez and Gonzalez, two conspirators who were not defendants in the case, the jury found all seven of the appellants guilty of the conspiracy count against them, and it found all but Cifre guilty of the substantive charges as well.

The appellant buyers claim that their conspiracy convictions should be reversed because the evidence did not show a single, far-flung conspiracy as charged in the indictment, but, if anything, a series of smaller, self-contained conspiracies. In light of our numerous decisions in narcotics conspiracy cases, this argument is totally unpersuasive.

■■ It is firmly settled in this Circuit that when large quantities of heroin are being distributed, each major buyer must be presumed to know that he is part of a wide-ranging venture, the success of which depends on the performances of others whose identities he may not even know. United States v. Mallah, 503 F.2d 971, 983-4 (2d Cir. 1974); United States v. Arroyo, 494 F.2d 1316, 1319 (2d Cir. 1974), petition for cert. filed, 43 U.S.L.W. 3005 (April 22, 1974) (No. 1574); United States v. Bynum, 485 F.2d 490, 495-496 (2d Cir. 1973), vacated on other grounds, 417 U.S. 903, 94 S.Ct. 2598, 41 L.Ed.2d 209 (1974). The jury in this case had sufficient evidence to find that there was a single conspiracy, even though several of the members participated directly in relatively few of the transactions involved.

■ The jury also had sufficient evidence, despite some inconsistencies in the testimony of the government's witnesses, to find that each of the appellants was a member of the conspiracy and was guilty of the substantive charges of which he was convicted.

■ Appellant Cifre was the only defendant convicted on the conspiracy count but acquitted of the substantive charges against him. He argues that the jury verdict as to him was inconsistent and that his conspiracy conviction should therefore be reversed. Appellant's argument was rejected by this court in United States v. Zane, 495 F.2d 683, 690 (2d Cir. 1974), petition for cert. filed, 43 U.S.L.W. 3015 (June 14, 1974) (No. 1878), and we reject it again.

■ Appellant Ortega - Alvarez claims that his prosecution was barred by the double jeopardy clause of the Fifth Amendment. His argument is based on his 1971 conviction in the Southern District of Florida for selling narcotics not in their original stamped package in violation of 26 U.S.C. §§ 4704(a) and 7237.[2] While it is true that the 1971 conviction arose out of a sale which was also part of the present conspiracy, there is no basis for a claim of double jeopardy. Multiple violations of the narcotics laws arising out of a single transaction may be tried separately. United States v. Nathan, 476 F.2d 456, 458-459 (2d Cir.), cert. denied, 414 U.S. 823, 94 S.Ct. 171, 38 L.Ed.2d 56 (1973). The only requirement is that the elements of each offense be significantly distinct from those of the other offenses. See United States v. Cioffi, 487 F.2d 492, 496-498 (2d Cir. 1973), cert. denied sub nom. Ciuzio v. United States, 416 U.S. 995, 94 S.Ct. 2410, 40 L.Ed.2d 774 (1974); United States v. Sabella, 272 F.2d 206, 210-211 (2d Cir. 1959). A charge of a wide-ranging narcotics conspiracy consisting of numerous transactions is certainly sufficiently distinct from a charge of a substantive vio-

---

2. These sections were repealed by § 1101(b)(3)(A) and § 1101(b)(4)(A) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1292. See note 1 supra.

lation based on a single sale. United States v. Cioffi, supra at 497 n. 6, 498. Ortega-Alvarez' prosecution for conspiracy was therefore in no way barred by his prior conviction for selling narcotics not in their original stamped package.[3]

Ortega-Alvarez also argues that since he was originally indicted in Florida for conspiracy and agreed to plead guilty to a lessor charge with the understanding that the conspiracy charge would be dropped, the government is now prohibited by the due process clause from prosecuting him for that same conspiracy. However, there is nothing in the record which establishes that such an understanding was in fact reached. The rule is that when an indictment is dismissed before trial upon the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated. DeMarrias v. United States, 487 F.2d 19, 21 (8th Cir. 1973), cert. denied, 415 U.S. 980, 94 S.Ct. 1570, 39 L.Ed.2d 877 (1974); United States v. Davis, 487 F.2d 112, 118 (5th Cir. 1973), cert. denied, 415 U. S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); United States v. Chase, 372 F. 2d 453, 463–464 (4th Cir.), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967).

Appellant Infiesta claims that his conviction should be reversed on the ground that he was denied the effective assistance of counsel at trial. He argues that his trial counsel failed to consult with him sufficiently before the trial and failed to cross-examine government witnesses properly at the trial. Under our decisions, a conviction may be reversed for ineffective assistance of counsel only when the representation is so inadequate "as to shock the conscience of the Court and make the proceedings a farce and mockery of jus-

tice." United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); see United States ex rel. Walker v. Henderson, 492 F.2d 1311, 1312 (2d Cir. 1974); United States v. Currier, 405 F.2d 1039, 1043 (2d Cir.), cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 223 (1969). Under that stringent standard, which we have recently reaffirmed, United States v. Yanishefsky, 500 F.2d 1327, 1333, n. 2 (2d Cir. 1974), Infiesta's claim clearly lacks merit.

Appellant Figueroa claims that his prosecution violated the Fifth Amendment because he was singled out for prosecution while other, more important figures in the conspiracy were not indicted. However, under United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974), a defendant claiming a discriminatory prosecution must show not only that others similarly situated were not prosecuted but also that the decision to prosecute him was based on impermissible considerations such as race or religion. See United States v. Bland, 153 U.S.App.D.C. 254, 472 F.2d 1329, 1336 (1972), cert. denied, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973); cf. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). Figueroa has failed even to allege such invidious discrimination in this case.

Figueroa also asks for reversal on the ground that the district court should have granted his motion for severance. We find no basis for concluding that the defendants suffered "substantial prejudice" as a result of being tried jointly. The district court's determination should therefore not be disturbed on review. United States v. Fantuzzi, 463 F.2d 683, 687 (2d Cir. 1972).

Appellants have raised several other points which we have considered but which do not merit further discussion.

Affirmed.

---

3. Ortega-Alvarez' present conviction for substantive violations does not raise a problem of double jeopardy since the transactions on which it was based were not the same as the transaction involved in the Florida conviction.