**UNITED STATES of America,
Plaintiff–Appellant,**

**v.**

**Bobby Glenn DYAL, a/k/a Robert
Dyal, Defendant–Appellee.**

**No. 88–3332.**

United States Court of Appeals,
Eleventh Circuit.

March 24, 1989.

Robert W. Merkle, U.S. Atty., Susan M. Daltuva, Asst. U.S. Atty., Tampa, Fla., Robert J. Erickson, John F. DePue, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Peter D. Ringsmuth, Dennis J. Rehak, Ft. Myers, Fla., for defendant-appellee.

Before FAY and KRAVITCH, Circuit Judges, and LYNNE *, Senior District Judge.

---

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Ala-

KRAVITCH, Circuit Judge:

A federal grand jury indicted defendant-appellee Bobby Glenn Dyal on three counts of mailing threatening letters, in violation of 18 U.S.C. § 876. Dyal moved to dismiss the indictment with prejudice on the ground that the dismissal, two years earlier, of a criminal complaint alleging the same offenses bars this prosecution. The district court granted the motion, and the government appeals. Concluding that the district court abused its discretion by dismissing the indictment, we reverse.

## I. FACTUAL BACKGROUND

On June 12, 1985, the government filed a criminal complaint charging that, in May and June of 1985, Dyal sent to John Wallace Gibbs via the United States Postal Service three written communications directing Gibbs to transfer $50,000.00 to a bogus account at the bank at which Gibbs worked and to leave at a designated place an automated-teller-machine card which would facilitate withdrawal of the funds. The communications threatened harm to Gibbs and his family if the instructions were not followed. Dyal was arrested and subsequently released on bond.

About one week later, Assistant United States Attorney John J. Brandfass began plea negotiations with one of Dyal's attorneys, Dennis Rehak, who proposed that Dyal plead guilty to a misdemeanor. After checking the relevant statutes, on July 12, 1985 Brandfass rejected the plea suggested by Rehak but proposed a guilty plea to one felony count of violating 18 U.S.C. § 876. Brandfass also noted during the July 12 conversation that the thirty-day period allotted by the Speedy Trial Act ("STA"), 18 U.S.C. § 3161(b), to procure an indictment on the June 12, 1985 complaint was about to run. Rehak agreed that, so long as negotiations continued, Dyal would not move for dismissal under the STA.

On July 25, 1985, Rehak informed Brandfass that Dyal would not plead guilty to the

bama, sitting by designation.

felony count. Brandfass advised Rehak that, due to the constraints of the STA and the apparent breakdown of plea negotiations, the government would move to dismiss the complaint and present the case to the grand jury at a later date. Brandfass completed a preprinted dismissal order then commonly used by the United States Attorney's Office in the Middle District of Florida. He forwarded the form to the district court for the magistrate's signature. No memorandum of law was attached, no written motion was submitted, no notice was given Dyal, and no opportunity to be heard was afforded him. On August 1, 1985, without benefit of a hearing or a written recitation of the government's reasons for dismissal, the magistrate signed the form order dismissing the complaint. A copy of the order was mailed to Rehak. Brandfass' superiors subsequently directed his attention to more pressing matters, and the Dyal case lay dormant until finally, in late 1987, it was assigned to AUSA Susan Daltuva. On December 3, 1987, the grand jury returned the aforementioned indictment.

Dyal moved to dismiss the indictment with prejudice on two grounds. First, he argued that the government's dilatory or intentional acts had resulted in a delay in seeking an indictment which delay had hindered preparation of his defense.[1] Upon the authority of *United States v. Mac-Donald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), and *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), the district court rejected this contention, and Dyal has not appealed. Second, Dyal asserted that the court's dismissal of the 1985 complaint should be construed as having been with prejudice due to the failure of the government to articulate reasons in 1985 for its dismissal of the complaint under Fed.R.Crim.P. 48(a). After a hearing, the district court agreed and granted the motion, concluding, "from the failure of the government to present 'reasons' for the court's dismissal of the complaint [in 1985] and from the explana-

tion by the government in its answer to [Dyal's] motion ..., that [the government] sought dismissal so that it could harass the defendant to plead to some charge that the government might articulate in the future." This appeal followed.

## II. DISCUSSION

■ The district court's order appears to rest upon two conclusions: first, that the government has an affirmative duty to set forth contemporaneously with a Rule 48(a) motion its reasons for seeking dismissal, *regardless* of whether the district court requests a contemporaneous recitation; and, second, that, even if Rule 48(a) places no such burden on the government but, instead, entitles it to a presumption of good faith in seeking dismissal, the evidence adduced at the hearing on Dyal's motion rebutted that presumption and showed that the government dismissed the complaint in order to harass Dyal. Although we will not disturb the dismissal of an indictment under Fed.R.Crim.P. 48 absent a showing that the district court abused its discretion, *United States v. Strayer*, 846 F.2d 1262, 1266 (10th Cir.1988), and although we are bound by the factual findings of the district court unless clearly erroneous, *United States v. Pullen*, 721 F.2d 788, 791 (11th Cir.1983), the dismissal of this indictment cannot stand.

### A. *The Requirements of Rule 48(a)*

As adopted by the Supreme Court, Rule 48(a) provides:

The Attorney General or the United States attorney may *by leave of court* file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such dismissal may not be filed during the trial without the consent of the defendant.

Fed.R.Crim.P. 48(a) (emphasis added). The parties agree that the question whether Rule 48(a) requires the government contemporaneously to state its reasons for

---

1. Neither Dyal's motion nor his arguments before the district court specifically invoked the fifth amendment's due-process clause, the sixth amendment's speedy-trial clause, or the Speedy Trial Act.

seeking dismissal turns on the interpretation of the words "leave of court."

The government concedes that the "leave of court" requirement is a check on the power of the Executive to dismiss prosecutions but asserts that the executive branch nevertheless remains the first and presumptively best judge of whether a pending prosecution should be terminated. Thus, the government concludes that it is entitled to a presumption of good faith in seeking dismissal and that a pretrial motion to dismiss under Rule 48(a) should be granted absent evidence of motivations contrary to the public interest.

Dyal contends that the words "leave of court" would be meaningless unless understood to require the government first to provide the court reasons for granting leave. Because the court's decision whether to grant leave to dismiss is reviewable on appeal from a final judgment, Dyal argues, reasons must accompany the government's request so that a reviewing court can determine from the record whether the district court abused its discretion by granting leave to dismiss without prejudice.

Both parties rely on *United States v. Derr*, 726 F.2d 617 (10th Cir.1984), and *United States v. Salinas*, 693 F.2d 348 (5th Cir.1982), *reh'g denied*, 701 F.2d 41 (1983). In each of these cases, a subsequent indictment was dismissed with prejudice on the grounds that, in dismissing a prior indictment, the government had given insufficient reasons for its action. Here, the district court read *Salinas* and *Derr* to require the government contemporaneously to state its reasons for seeking dismissal under Rule 48(a). We disagree.

In *Salinas*, the government moved to dismiss the charges immediately before the jury was sworn, stating only that a superseding indictment would be sought. After the district court dismissed the jurors, the government filed another, almost identical, indictment. During arraignment on the second indictment, the AUSA admitted that he dismissed the earlier charges only because he was dissatisfied with the jury that had been empaneled. The defendant

unsuccessfully moved for dismissal of the second indictment, and the Fifth Circuit reversed, observing that "[a]lthough the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest.'" 693 F.2d at 352 (footnotes omitted) (quoting *United States v. Hamm*, 659 F.2d 624, 631 n. 23 (5th Cir. Unit A Oct. 1981) (en banc)). The court held that the second indictment should have been dismissed, as

> [t]he record in this case reveals sufficient evidence to overcome the presumption that the Government made the motion to dismiss the indictment in good faith. Faced with discontent with the jury as the Government's sole reason for dismissal, this Court has no choice but to vindicate the purpose of Rule 48(a) to protect the defendant's rights. The record on appeal exposed that the true reason for dismissal was in derogation of [the] defendant['s] ... rights.

693 F.2d at 353.

In *Derr*, the government moved to dismiss an indictment on the day of trial, stating only that dismissal would "best meet the ends of justice." Over defense objection and without further inquiry, the district court granted the motion. Two and a half years later, a grand jury returned another indictment charging the defendant with the same offenses. The court dismissed the second indictment, reasoning that it had abused its discretion by granting the earlier motion without requiring the government to present a factual basis for dismissal. Relying upon *Salinas*, the Tenth Circuit reasoned that, in order to honor the purpose of Rule 48(a) to prevent harassment of the defendant, "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." 726 F.2d at 619 (citations omitted). Moreover, the court noted that, because a decision granting a motion to dismiss an indictment without prejudice is reviewable after the govern-

ment secures a second indictment against the defendant, the record must contain sufficient reasons to enable review. *Id.* Consequently, the court concluded that the district court had not abused its discretion by dismissing the second indictment on the ground that, in dismissing the first indictment without prejudice, the district court *had* abused its discretion by failing to require the government to state reasons for dismissal. *Id.*

Although each of these cases suggests that the better practice is for the government to state its reasons for seeking dismissal contemporaneously with its motion to dismiss under Rule 48(a), neither holds that the failure to do so necessitates dismissal of a subsequent prosecution with prejudice. *Salinas'* holding that the indictment should be dismissed with prejudice was not predicated simply upon the government's failure to state contemporaneously its reasons for seeking dismissal at the outset—but, rather, upon its efforts to use Rule 48(a) for the purpose of achieving a tactical advantage in jury selection. When the government's true purpose in dismissal was exposed, the "record ... reveal[ed] sufficient evidence to overcome the presumption that the Government made the motion to dismiss the indictment in good faith." 693 F.2d at 353. *Derr* is similar. As the Tenth Circuit recently observed in the course of rejecting a nearly identical motion in *United States v. Strayer, supra,*

> *Derr* did not *mandate* dismissal of subsequent indictments; we merely determined that the trial court did not abuse its discretion in granting the motion to dismiss. In addition, our holding on the remedy in *Derr* was clearly limited to its particular facts and circumstances.

846 F.2d at 1266.

Moreover, irrespective of the holdings of the *Salinas* and *Derr* courts, Dyal's argument simply overstates the case. Ascertainment of the government's reasons for seeking dismissal generally will be possible, as it was in this case, at a hearing on a defendant's motion to dismiss a subsequent prosecution with prejudice. Thus, even where, as here, the defendant was not af-

forded an opportunity to contest the original dismissal, a hearing on a motion to dismiss a subsequent indictment would enable the district court to evaluate the government's reasons for dismissing a prior prosecution and afford the appellate court a sufficient record upon which to review that evaluation. Thus, the absence of a contemporaneous statement of the prosecutor's reasons for seeking dismissal, while sure to complicate the determination whether a subsequent indictment should be dismissed, does not insulate from appellate review the district court's earlier decision whether to grant leave to dismiss.

■ We conclude that, in the dismissal of an indictment, information or complaint under Rule 48(a), the government is entitled to a presumption of good-faith. Thus, as the Fifth Circuit recently held in *United States v. Welborn*, 849 F.2d 980 (5th Cir. 1988), the government's failure to state its reasons for dismissal contemporaneously with a Rule 48(a) motion entitles the defendant to dismissal with prejudice only if, in response to the government's motion to dismiss the original prosecution or via his own motion to dismiss a subsequent indictment, complaint or information, the defendant demonstrates (1) that the initial dismissal was in bad faith, or (2) that the defendant "has been prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons" as a condition of dismissal of the prior prosecution. 849 F.2d at 984.

### B. *Dyal Has Not Rebutted the Presumption of "Good Faith"*

■ Our review of the record leads us to conclude that Dyal has failed to rebut this presumption of good faith, as he adequately demonstrated neither bad faith nor prejudice. Although the trial judge found that Brandfass sought dismissal in order to harass Dyal into pleading guilty to some yet-to-be-determined charge, the record suggests that the court based its finding on the unstated proposition that the passage of two and one half years constitutes *prima facie* evidence of an intent to harass

the defendant. We reject such a presumption, and, because nothing in the record affirmatively suggests that Brandfass sought dismissal of the initial complaint in order to achieve a tactical advantage in derogation of the defendant's rights or for the purpose of harassment, we consider the district court's finding of bad faith clearly erroneous.

Brandfass admitted that both he and defense counsel had neglected to note that the STA's thirty-day period within which to seek an indictment had expired. Although he also acknowledged that, following dismissal of the complaint, his attention was directed to other matters by his superiors, he testified that his sole reason for seeking dismissal was to further investigate the case. Although Dyal relies heavily upon the testimony of the FBI case agent, who testified that he was ready to present the case to the grand jury in July of 1985, the decision whether to present the charge to the grand jury was Brandfass', and it is his judgment—not the case agent's—that is important. Moreover, Brandfass' testimony was corroborated by each of the succeeding AUSAs assigned to this case, who testified that further investigation was needed in order to present the case to the grand jury. Nothing in the record supports the district court's implication that Brandfass intended to employ the threat of a subsequent indictment as a weapon to induce a guilty plea.

■ Neither does the record show that Dyal suffered prejudice from the district court's failure to require a statement of reasons as a condition of dismissal of the 1985 complaint. As the Fifth Circuit noted in *Welborn*, in order to justify recharacterization of a prior dismissal as one with prejudice, the defendant must show that the failure of the court to require a contemporaneous statement of reasons for dismis-

sal prejudiced the defendant's subsequent ability to show that the government indeed acted in bad faith. 849 F.2d at 984. "[A]n example of the type of prejudice that could affect the defendant's ability to demonstrate the bad faith of the initial request to dismiss might be the death of the only prosecutor with knowledge of the government's motives for seeking dismissal." *Id.* Nothing approaching this was presented to the district court. All of the key players in the original dismissal were available to testify at the hearing on Dyal's motion. Moreover, during the period between dismissal and indictment, the defendant was able either to have continued negotiations or to have prepared a defense, as the criminal complaint and accompanying affidavit precisely identified the offense ultimately charged.

■ The government has no constitutional duty to indict as soon as the prosecutor has probable cause to believe that the defendant is guilty. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, *reh'g denied*, 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977). "Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." 431 U.S. at 795, 97 S.Ct. at 2051. And "the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges." *United States v. MacDonald*, 456 U.S. at 7, 102 S.Ct. at 1051. Simple delay affords no entitlement to dismissal with prejudice on fifth-amendment or STA grounds,[2] and Dyal failed to show that the passage of two and a half years between dismissal of the complaint in August 1985 and return of the

---

**2.** *Lovasco*, 431 U.S. at 789–90, 97 S.Ct. at 2048–49 (In order to establish due-process violation, defendant must demonstrate both that pre-accusation delay substantially prejudiced his defense and that the delay was improperly motivated.); *United States v. Butler*, 792 F.2d 1528, 1534 (11th Cir.) (no due-process violation when five-year, preindictment delay, due to government's lack of interest in case, resulted in no prejudice

to defense), *reh'g denied*, 798 F.2d 1420, *cert. denied*, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986); *see also* 18 U.S.C. § 3162(a)(1) (dismissal of complaint with prejudice for violation of STA permitted only after consideration of seriousness of offense, facts and circumstances leading to dismissal, and impact of reprosecution upon administration of justice and STA).

indictment in December 1987 prejudiced his defense. In short, the record provides no basis for the district court's grant of relief here. Thus, dismissal of the indictment was an abuse of discretion.

Accordingly, the judgment of the district court is REVERSED and the cause is RE-MANDED to that court with instructions to reinstate the indictment.