**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Ramon MATTA, a/k/a Juan
Ramon Matta Ballesteros,
Defendant–Appellant.**

**Nos. 88–3991, 90–3030.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 1, 1991.

Martin R. Stolar, New York City, for defendant-appellant.

Samuel Alter, Asst. U.S. Atty., Pensacola, Fla., Bradley D. Simon, U.S. Dept. of Justice, Narcotic & Dangerous Drug Section, Crim. Div., Margaret A. Grove, Michael C. Liebman, Hope P. McGowan, U.S. Dept. of Justice, Crim. Div., Washington, D.C., for plaintiff-appellee.

Before KRAVITCH and CLARK,
Circuit Judges, and GODBOLD, Senior
Circuit Judge.

CLARK, Circuit Judge:

Appellant Juan Ramon Matta ("Matta") alleges that the United States violated international law and the Due Process Clause when its agents illegally kidnapped him from Honduras and tortured him before transporting him to the United States. On this basis, he claims that the United States is without personal jurisdiction over him.

After reviewing the record in this case, we find appellant's claims to be without merit. The district court adequately addressed Matta's challenge to his indictment. Moreover, each of appellant's claims of illegality under international and federal law for the identical arrest as involved here were considered by the seventh circuit in

*Matta–Ballesteros v. Henman.*[1] We reject Matta's challenge to his prosecution for the reasons stated there and in the district court's order in the case at hand.

■ As the district court indicated, Matta's jurisdictional challenge to his indictment based on the illegality of the extradition is foreclosed in this circuit by *United States v. Darby,*[2] in which this court refused to recognize, on the facts of that case, the second circuit's exception[3] to the *Ker–Frisbie* doctrine[4] in cases of extreme governmental misconduct. Even were we to recognize such an exception, Matta's allegations of misconduct simply do not rise to the level of "brutal torture and incessant interrogation"[5] alleged in the second circuit's opinion in *United States v. Toscanino.*[6] We, therefore, hold that the district court correctly denied appellant's motion to dismiss his indictment.

■ We also reject as meritless appellant's argument that the government's successful motion to dismiss his first indictment for escape from custody bars reprosecution for the same charge on a subsequent indictment. Fed.R.Crim.P. 48(a) provides that the U.S. attorney "may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate." Generally, unless a contrary intent is clearly expressed, rule 48(a) dismissals are without prejudice.[7] In rule 48(a) dismissals and subsequent indictments, the government is entitled to a presumption of good faith.[8] To overcome

the presumption of good faith, the defendant must show that the initial dismissal was in bad faith, or that the defendant has been prejudiced in his ability to challenge the prosecutor's motives because the government failed to articulate its reasons for the dismissal.[9] An indictment will be dismissed without prejudice if the reason for dismissal does not go to the merits or demonstrate a purpose to harass.[10] The district court's findings that the government did not act in bad faith and did not seek to harass Matta and that the dismissal was not on the merits are reversible only for clear error.[11]

The government's reason for seeking dismissal of the original indictment—the futility and cost prohibitiveness of extraditing an escapee from custody in Mexico so that he can finish out a sentence for illegal entry into the United States—did not go to the *merits* of Matta's indictment. As the government notes, "The proffer set forth in the Order for Dismissal concerns only the then-current whereabouts of Matta and does not go to the elements of the escape charge. The government never submitted a certified copy of Appellant's conviction for unlawful entry or any affidavits of witnesses to the escape."[12]

Nor has the government brought the second indictment to "harass" Matta. The government in its proffer explained its reasons for seeking a voluntary dismissal. And, as the government states, "there is no authority supporting Matta's implicit argu-

**1.** 896 F.2d 255 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 209, 112 L.Ed.2d 169 (1990).

**2.** 744 F.2d 1508, 1530–31 (11th Cir.1984).

**3.** *See United States v. Toscanino,* 500 F.2d 267 (2d Cir.1974).

**4.** *See Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952) (citing *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886)).

**5.** *Darby,* 744 F.2d at 1531 (referring to the facts in *Toscanino* ).

**6.** *Cf. United States v. Rosenthal,* 793 F.2d 1214, 1232 (11th Cir.1986) ("even if *Toscanino* was applicable Rosenthal would not benefit from it since there is no evidence of conduct which shocks the conscience"). The *Darby* court also

notes that the *Toscanino* approach is questionable after *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

**7.** *United States v. Davis,* 487 F.2d 112, 118 (5th Cir.1973).

**8.** *United States v. Dyal,* 868 F.2d 424, 426 (11th Cir.1989).

**9.** *Id.*

**10.** *Id.*

**11.** *Dyal,* 868 F.2d at 429; *Delap v. Dugger,* 890 F.2d 285, 307, 312 & n. 35 (11th Cir.1989).

**12.** Brief for Appellee (Supplemental), at 20.

ment that the government is somehow forbidden from prosecuting a defendant it earlier decided was not worth the effort of extradition. In 1975, Matta was a young man with no criminal record, save a conviction for passport violations, who had escaped nonviolently from a minimum security prison. It was simply not worth the resources to secure his extradition. By 1986, however, Matta had been charged with serious offenses in four indictments.... His capture or extradition thus had become a top priority for the government."[13]

Finally, the general rule is that jeopardy attaches "when a jury is empaneled and sworn or, in a bench trial, when the judge begins to receive evidence."[14] The government, here, points out that no trial date had been set nor evidence taken on the escape charge on the original indictment.[15]

We hold that the district court correctly determined that the 1975 dismissal was without prejudice and that jeopardy had not attached. AFFIRMED.

---

**13.** Brief for Appellee (Supplemental), at 14.

**14.** *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569–70, 97 S.Ct. 1349, 1353–54, 51 L.Ed.2d 642 (1977).

**15.** *See also United States v. Pitts*, 569 F.2d 343 (5th Cir.1978) (subsequent prosecution not barred by rule 48(a) dismissal of indictment).