**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

NEIL R. BROWN,
           *Defendant-Appellant.*

No. 03-10479

D.C. No.
CR-S-00-434-GEB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted
September 14, 2005—San Francisco, California

Filed October 4, 2005

Before: Betty B. Fletcher and Marsha S. Berzon,
Circuit Judges, and John A. Houston,* District Judge.

Per Curiam Opinion

---

*The Honorable John A. Houston, United States District Judge for the
Southern District of California, sitting by designation.

## COUNSEL

Donald S. Frick, Esq., Sacramento, California, for the defendant-appellant.

Thomas E. Flynn, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Pursuant to a plea agreement, defendant-appellant Neil R. Brown pled guilty to forty-four counts of various fraud crimes. He claims that the government breached that agreement. He also attacks his sentence on *Booker* grounds and claims that the district court abused its discretion in denying his motion, prior to sentencing, for a continuance to obtain substitute counsel. We conclude that there was no breach of the plea agreement. Therefore, his other claims are precluded by the plea agreement, in which he waived his right to appeal.[1] We affirm.

---

[1]Brown asserts that the government has "forfeited any claim" that Brown waived his right to appeal by failing to raise that claim at the time that Brown filed his notice of appeal. Appellant's Reply Brief at 2. Brown relies upon *Hunter v. United States*, 160 F.3d 1109 (6th Cir. 1998). The court in *Hunter* faced a collateral attack where the defendant was unaware that he had waived his right to appeal. *Id.* at 1113-14. We, by contrast, are confronted by a direct appeal from a sentence where there is no doubt that Brown knowingly waived his right to appeal. We find that *Hunter* does not apply to the facts of this case.

**[1]** Appellant argues that, because the government was not explicit in moving to dismiss, as promised in the plea agreement, the remaining counts of the indictment *with prejudice*, the government has breached the terms of the plea agreement. Brown claims that he is, therefore, not bound by the plea agreement and thus may appeal. While it appears that the standard form used for dismissals in the Eastern District of California is imprecise in failing to specify whether a dismissal is with or without prejudice,[2] this technical error does not constitute a breach of the underlying plea agreement.

**[2]** Dismissals by the government are generally presumed to be without prejudice*, United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991); *accord United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974), "unless a contrary intent is clearly expressed." *Matta*, 937 F.2d at 568. The intent of the parties as to the plea agreement — as manifest in the agreement itself — was clearly that the dismissal be with prejudice. The government's motion to dismiss and the court's subsequent dismissal should be construed in light of that intent.

**[3]** We follow the First Circuit, which has recognized that where a dismissal with prejudice is intended but not formally carried out, an appellate court may clarify the dismissal to reflect that it is with prejudice. *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994). We therefore interpret the district court's dismissal in accordance with the parties' clear intent that the dismissal be with prejudice. Any attempt to prosecute any of the dismissed claims in the indictment is thus barred. We, therefore, find that no breach of the plea agreement occurred.

---

[2]Had the district court been specific in dismissing the remaining counts *with prejudice*, Brown would have had no basis to argue that he was no longer bound by his plea agreement. To avoid unnecessary appeals, we suggest that the standard forms used by the district should reflect whether the dismissal is with or without prejudice.

**AFFIRMED.**