**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Henry Durand TILLMAN, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Calvin Meeks, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Timothy Blake, Defendant—Appellant.**

Nos. 04–10402, 04–10403, 04–10585. D.C. Nos. CR–04–0005–5–RCJ, CR–04–00005–4–RCJ, CR– 04–00005–1–RCJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Nov. 29, 2005.

Gregory J. Damm, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., FPDNV—Federal Public Defender's Office, Kirk T. Kennedy, Esq., Las Vegas, NV, for Defendants–Appellants.

Before NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM *

Henry Durand Tillman ("Tillman"), Calvin Meeks ("Meeks") and Timothy Blake ("Blake") were arrested in a vehicle with three other people after another occupant of the vehicle, Ebony Jeff, tried to a cash a counterfeit check at a Wells Fargo bank in Las Vegas.[1] A search of the vehicle revealed multiple counterfeit checks and credit cards along with counterfeit driver's licenses which had pictures of most of the occupants of the vehicle and names matching the counterfeit checks and credit cards. Ebony Jeff later confessed that Tillman and Meeks had organized a counterfeiting conspiracy and the group traveled to Las Vegas to cash counterfeit checks.

We hold that the appeals of Tillman and Meeks should be dismissed because they agreed to a valid and enforceable appellate waiver. The guilty plea of Blake should be upheld because there was a strong factual basis for his guilt despite his inconsistent claims of partial innocence. Finally, Blake is entitled to a limited remand under *Ameline* because he did not agree to an appellate waiver.

## I

■ Tillman and Meeks both pled guilty to one charge of Fraudulent Possession, Transfer and Use of Identification Documents under a plea agreement which contained an appellate waiver. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is know-

ingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005). A waiver of the right to appeal will not preclude an appeal if the government has breached the plea agreement. *United States v. Brown*, 425 F.3d 681, 682 (9th Cir.2005) (per curiam). If the terms of the plea agreement are disputed, the terms are determined by objective standards such that the government is held to the literal terms of the agreement. *See United States v. Travis*, 735 F.2d 1129, 1132 (9th Cir.1984).

Under the plea agreement, Tillman and Meeks waived the right to appeal every aspect of their convictions and sentences except for any portion of the sentence imposed as an upward departure. The sentences were adjusted upwards but the sentencing judge did not impose an upward departure under the Sentencing Guidelines. Specifically, the leadership enhancements under section 3B1.1 applied to the sentencing calculations of Tillman and Meeks are clearly described as mandatory adjustments to the offense level, not discretionary departures. U.S. Sentencing Guidelines Manual § 3B1.1(a) (2004). The terms of the plea agreement also do not state or imply that the government may not argue for any additional adjustments. Because the government did not breach any portion of the plea agreement by arguing for adjustments not included within the plea agreement, Tillman and Meeks have no valid basis to bring this appeal.

■ Based on the broad appellate waiver in the plea agreements of Tillman and Meeks, these defendants should not be entitled to raise a *Booker* claim or seek a remand under *Ameline*. In *United States*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

v. *Cortez–Arias*, we held that the "express and generally unrestricted waiver of appeal rights forecloses the objections now asserted by Cortez–Arias pursuant to *Booker* or *Ameline.*" 403 F.3d 1111 (9th Cir. Apr.18, 2005), amended by 415 F.3d 977 (July 14, 2005), amended again by 425 F.3d 547, 548 (Sept. 30, 2005). "Moreover, a favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea." *Id.*[2] Because the plea waiver has not been breached, we must dismiss the appeals of Tillman and Meeks without addressing their arguments pursuant to *Booker* or *Ameline.*

## II

Timothy Blake pled guilty without a plea agreement to all five charges in his indictment including conspiracy. During his change of plea hearing, Blake disputed that he agreed to join the counterfeiting conspiracy, although he acknowledged his guilt to all of the charges. If a defendant enters a guilty plea while continuing to assert his innocence, the district court may accept it if there is a strong factual basis for the plea. *See United States v. King,* 257 F.3d 1013, 1022 (9th Cir.2001).

■ The district court could infer from the strong circumstantial evidence that Blake agreed to join this criminal conspiracy. Blake admitted during his change of plea hearing that he knew that a conspiracy existed to defraud banks and financial institutions. Blake also admitted possession of counterfeit credit cards with the intent to deceive financial institutions. Finally, he admitted facts showing that he was connected to the conspiracy by his presence in the vehicle and the possession of counterfeit documents that were similar to those of the other occupants in the vehicle. Therefore, a sufficient factual basis existed to support Blake's guilty plea despite his assertions that he did not agree to join the conspiracy. *See United States v. Becker,* 720 F.2d 1033, 1035 (9th Cir. 1983) (holding that an agreement to enter into a conspiracy may be inferred from circumstantial evidence).

■ Finally, Blake may seek a limited remand "where it is not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). Blake did not agree to an appellate waiver and, therefore, a limited remand is appropriate to determine if the sentencing judge would impose a different sentence under the now-advisory Guidelines. *See United*

---

**2.** In this case, the sentencing hearing was held three weeks after *Blakely v. United States,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was decided, but counsel for Tillman and Meeks disclosed that he had not read the case and did not object to proceeding with sentencing after the judge briefly told him of *Blakely's* holding. The timing of the sentencing hearing should not weaken the preclusion effect of the appellate waiver because the *Blakely* decision could only make the parties more aware of the possible issues being waived on appeal. Tillman and Meeks assert that their counsel did not understand the impact of *Blakely* and therefore the sen-

tencing hearing should not have proceeded at that time. Tillman and Meeks may be suggesting that their "attorney's failure to advise [them] of all the possible consequences of a guilty plea deprived [them] of the information necessary to render [their] plea—and the waiver of appeal contained therein—truly knowing and voluntary." *United States v. Jeronimo,* 398 F.3d 1149, 1155 (9th Cir.2005). However, as a general rule, subject to exceptions inapplicable here, this type of ineffective assistance of counsel claim may not be raised on direct appeal and so will not preclude the enforcement of an appellate waiver during a direct appeal. *Id.* at 1155–56.

States v. Moreno–Hernandez, 419 F.3d 906, 916 (9th Cir.2005).

For the reasons stated, the appeals of Tillman and Meeks are DISMISSED. The conviction of Blake based on his guilty plea is AFFIRMED, but Blake's sentence is REMANDED in accordance with *Ameline.*