**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

         Plaintiff–Appellee,

    v.

SHAKIR ABDUSH-SHAKUR,
formerly known as Leonard Scott
Cunningham,

         Defendant–Appellant.

No. 08-3039

(D.C. Nos. 2:07-CV-02519-JWL and
2:04-CR-20132-JWL)

(D. Kan.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Defendant, a federal prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his § 2255 habeas petition.  In

December 2003, a federal indictment against Defendant was dismissed after the

government filed a motion to dismiss pursuant to Rule 48 of the Federal Rules of

Criminal Procedure, based on the prosecutor's illness.  Defendant was

subsequently reindicted on the same charges and found guilty of attempting to

murder a corrections officer and possessing a handmade knife as a prison inmate.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We affirmed his conviction on direct appeal. *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006).

In his § 2255 motion, Defendant claimed that the trial court refused to decide whether to dismiss the first indictment with or without prejudice, that this refusal caused his Fifth Amendment double jeopardy rights to be violated by his reindictment, and that he received ineffective assistance of counsel when his attorney failed to object to the court's decision and did not claim on appeal that the first indictment had in effect been rejected with prejudice.[1] All of these claims were thus premised on Defendant's basic argument that the government could not reindict Defendant when the indictment had not been dismissed without prejudice.

However, the district court determined that the trial court in fact dismissed the first indictment without prejudice and therefore that Defendant's rights were not violated by his subsequent reindictment. Both the trial court's order dismissing the indictment and our decision on direct appeal indicated that the first indictment was dismissed without prejudice. Although Defendant argued that several passages in the transcript from the hearing demonstrated that the trial court believed it did not need to decide the issue of prejudice when it dismissed the indictment, the district court concluded that this language merely explained

---

[1] Defendant also raised a claim of prosecutorial misconduct, which the court found unsupported by the record and without merit even as alleged. On appeal, Defendant does not seek to challenge the court's dismissal of this claim.

that the trial court would grant the dismissal motion without prejudice but that the issue of prejudice could be revisited upon reindictment.

The district court also concluded that, even if the facts were as Defendant alleged, the trial court's dismissal of the indictment without discussion of prejudicial effect must be presumed to be without prejudice. "The rule is that when an indictment is dismissed before trial upon the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated." *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974); *see also United States v. Stoker*, 522 F.2d 576, 580 (10th Cir. 1975) (finding dismissal pursuant to Rule 48 to be without prejudice where dismissal was based on non-constitutional ground and order did not specifically indicate that dismissal was with prejudice).

To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Defendant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have carefully reviewed Defendant's brief, the district court's

disposition, and the record on appeal.  Nothing in these materials convinces us that reasonable jurists could debate whether the district court erred in dismissing the petition.  Accordingly, for substantially the reasons set forth by the district court, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge