[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10008
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00089-SCB-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR RODRIGUEZ MERCADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Victor Rodriguez Mercado pleaded guilty to one count of conspiring to

possess and distribute cocaine while aboard a vessel subject to the jurisdiction of the

United States.  After the district court sentenced Mercado to 120 months in prison, Mercado filed this appeal, challenging his sentence.  The government has moved to dismiss Mercado's appeal based on the sentence appeal waiver in Mercado's plea agreement.  Because the record shows that the district court questioned Mercado about his appeal waiver and that he understood the full significance of that waiver, we grant the government's motion to dismiss.

## I.

On February 8, 2019, a Customs and Border Protection aircraft spotted a go-fast vessel off the border of Ecuador.  Soon after, the United States Coast Guard intercepted the boat and observed its crew jettisoning packages into the water.  When all was said and done, the Coast Guard recovered sixty-seven discarded packages, containing more than 3,000 pounds of cocaine.  Mercado, a sixty-three-year-old Ecuadorian national, was among those on board the vessel.

In June 2019, Mercado entered into a plea agreement with the government. Under that plea agreement, Mercado pleaded guilty to the first charge, and the government dismissed a second charge and recommended a sentence reduction. Mercado also waived the right to appeal any sentence unless it surpassed his guideline range, exceeded the statutory maximum, or violated his Eighth Amendment right to be free of cruel and unusual punishment (or if the government appealed, Mercado would be released from his appeal waiver).  At the change-of-

plea hearing, the magistrate judge reviewed that part of the plea agreement with Mercado, who conveyed that he understood those provisions.

After accepting Mercado's guilty plea, the district court set Mercado's sentencing hearing for October 2019, but Mercado moved for a forty-day continuance. That motion explained that Mercado needed time to obtain medical records from Ecuador—records that would detail an injury Mercado sustained when the limb of a tree fell on his neck some years earlier. Such information, Mercado argued, was relevant to the 18 U.S.C. § 3353(a) sentencing factors. The government did not oppose, and the district court rescheduled the sentencing hearing for November. Less than a week before that hearing, Mercado again moved for a continuance on the same basis. Mercado's counsel explained that they "underestimated the time needed" to obtain the relevant records. After first denying this motion, the district court granted Mercado another thirty days to obtain the records.

Those thirty days expired on December 17, 2019, and Mercado's counsel filed a third motion to continue sentencing that morning. At the sentencing hearing, Mercado's counsel said they were "very close" to obtaining the records, but the district court denied his motion and proceeded with the sentencing hearing.

After overruling Mercado's other objections, the district court sentenced Mercado to 120 months in prison. Mercado then filed this appeal, arguing that the

district court abused its discretion in denying his third motion to continue. In response, the government moved to dismiss Mercado's appeal based on the waiver in his plea agreement.

## II.

We review de novo the validity of a sentence appeal waiver. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We will enforce the waiver if the district court questioned the defendant about it during the colloquy proscribed by Federal Rule of Criminal Procedure 11 and the defendant indicated he understood and voluntarily agreed, or the record otherwise clearly shows that the defendant understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). And while an effective waiver does not preclude appellate review altogether, *see Johnson*, 541 F.3d at 1068, we may not review issues that arose during the sentencing proceedings unless the waiver exempts those issues from its terms. *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006); *see also United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) (appeal waiver barred defendant's appeal of district court's denial of his motion to continue sentencing).

At Mercado's change-of-plea hearing, the magistrate judge reviewed Mercado's appeal waiver with him, explaining the narrow grounds on which he retained the right to appeal. The magistrate judge then said, "[B]y this provision you expressly waived your right to appeal the sentence unless one of those events occurs

. . . . Do you understand that?"  To which Mercado responded, "Yes, I do."  The magistrate judge gave Mercado an opportunity to ask questions about the waiver, and Mercado said he had none.  Mercado also stated that no one had forced him to waive his right to appeal.  Based on this record, we must enforce Mercado's appeal waiver.  *See Bushert*, 997 F.2d at 1350.

Mercado argues, though, that his present appeal falls outside the scope of his waiver.  Waiving the right to appeal a "sentence," he contends, differs from waiving the right to appeal a district court's denial of a motion to continue sentencing.  Mercado claims that the denial of his motion to continue sentencing led to a fundamental miscarriage of justice because the district court imposed his sentence without the benefit of certain medical records—records that, if available, may have altered the district court's application of the § 3353(a) sentencing factors.[1]  But this just means Mercado's ultimate gripe is with the district court's sentence.  And a challenge to the timing of the sentencing does not fall within any of the exceptions to Mercado's appeal waiver.

To be sure, certain issues may fall outside the scope of a valid appeal waiver.  In *Bushert*, 997 F.2d at 1350 n.8, for example, we noted, among others, that a

---

[1] In the motions for continuance, the medical conditions described were high blood pressure and a serious injury that occurred six years earlier, which Mercado asserted made him susceptible to cerebral hemorrhages.  We note that the district court gave Mercado nearly six months between when he pled guilty and when he was sentenced in which Mercado could have obtained the records.  And during sentencing, the district court noted Mercado's high blood pressure and his arthritis when it imposed sentence.

sentence that is based on an inappropriate factor like race might qualify. We have also suggested that in extreme circumstances—if the district court sentenced a defendant to "public flogging," for instance—due process might require that we hear an appeal, the valid waiver notwithstanding. *United States v. Howle*, 166 F.3d 166, 169 n.5 (11th Cir. 1999). But none of those issues are present here.

For these reasons, we grant the government's motion to dismiss.

**DISMISSED.**